DOCKET NUMBER: 576,578  SECTION OR DIVISION: C

| | | |
|---|---|---|
| RED SOX INVESTMENTS, L.L.C., ET AL., ON BEHALF OF ITSELF AND A CLASS OF SIMILARLY SITUATED LOUISIANA RESIDENTS | § | FIRST JUDICIAL DISTRICT COURT |
| VERSUS | § | PARISH OF CADDO |
| CITY OF SHREVEPORT, LOUISIANA, and CADDO PARISH, LOUISIANA | § | STATE OF LOUISIANA |

### FIRST SUPPLEMENTAL AND AMENDING PETITION

NOW INTO COURT, through undersigned counsel, comes plaintiff, RED SOX INVESTMENTS, LLC, ET AL, ON BEHALF OF ITSELF AND A CLASS OF SIMILARILY SITUATED PROPERTY OWNERS, who with respect represents that:

I.

Subsequent to the filing of the original Petition on May 1, 2014, the court has granted an Exception of No Cause of Action but has allowed plaintiff thirty days to amend its petition so as to state a cause of action. Plaintiff has determined it to be necessary to file this Amending Petition to assert additional facts, and raise additional causes of action, and thereby add the following additional numbered paragraphs:

118.

Plaintiff shows that the claims at issue herein are essentially claims for damages arising out of the illegal taking of property by the City of Shreveport, Caddo Parish, and the various partner taxing authorities previously identified herein.

119.

Said taking of property occurred through the improper allocation of mineral revenues, the improper mineral leasing of adjudicated property thereby depriving the adjudicating owners of the opportunity to lease, the taking of mineral royalties as they came due, and the disposition and

Richie, Richie & Oberle, L.L.P.

$ 450.00 FILED 1.7900

MAR 29 2016

JIM SCOTT
CADDO DEPUTY CLERK OF COURT

EXHIBIT A

taking of private property through its sale after the date on which it would have been redeemed, in whole or in part, had the mineral leases been available to the property owners or had the mineral revenues been properly applied pursuant to statute.

120.

Pursuant to the provisions of La. R.S. 13:5111(A), plaintiffs are entitled to the award of reasonable attorneys' fees incurred in connection with any compensation for the taking of property by these defendants.

121.

Plaintiffs show that this taking occurred without an expropriation proceeding having occurred. Therefore, pursuant to statute, the award of attorneys' fees is mandatory should the Court find there was an unlawful taking of property by these defendants and the partner taxing authorities, as set forth herein.

122.

Plaintiffs further show that this taking occurred without the giving of any prior notification to Plaintiffs.

123.

Under the ruling of the landmark constitutional due process case of Mennonite Bd. of Missions v. Adams, 462 U. S. 791, 103 S. Ct. 2706, 77 L.Ed.2d 180 (1983), and the Louisiana cases which have followed it, "Notice by mail or other means as certain to ensure actual notice is a minimum constitutional precondition to a proceeding which will adversely affect the liberty or property interests of any party, whether unlettered or well versed in commercial practice, if its name and address are reasonably ascertainable." Id. at 800, 103 S. Ct. 2712.

124.

Based upon the decision of the Second Circuit in Sapphire Land Company, L.L.C. v. Chesapeake Louisiana, L.P., et al.[1], as followed by this court in granting the Exception of No

---

[1] 172 So.3d 122, 49712-CA (La. App. 2 Cir., 05/20/15), *Writ Denied*, — So.3d —-, 2015 WL 7785359 (Mem), 2015-1372 (La. 11/6/15)
Richie, Richie & Oberle, L.L.P.  1.7900

Cause of Action, the defendant taxing authorities were allowed to permanently and irreparably impair the title to adjudicated property by executing mineral leases applicable to said property.

125.

Moreover, said mineral leases were executed during the time that the proposed plaintiff class had a clear statutory right to redeem the property. As noted by Judge Caraway in his dissent, "In an adjudication situation, unless the political subdivision takes specific further action (e.g. see La. R.S. 47:2206 and La. R.S. 47:2231, et seq.) with additional notice protections to the tax debtor, the property can always be redeemed, as in the present case, many years after the adjudication to the political subdivision. La R.S. 47:2246".[2]

126.

Further, the official comment to LSA-R.S. 47:2246 further demonstrates what should be indisputable: "This Section is new. It codifies current practice. As long as property remains on the adjudicated rolls, and neither a political subdivision nor an acquiring person has obtained full ownership, the property may be redeemed as a matter of statutory right even though the redemptive period under the Louisiana Constitution has expired."

127.

The right of redemption includes, by definition, the right to receive the return of what was taken by the government in its efforts to collect taxes. In the case of property tax adjudication, that which is taken is 'immovable property". La. R.S. 47:1702(2) defines "Real estate" or "immovable property" as meaning and including "not only land, city, town and village lots, but all things thereunto pertaining, and all structures and other appurtenances thereto, as pass to the vendee by the conveyance of the land or lot."

---

[2] LSA-R.S. 47:2246
§ 2246: Statutory right to redeem adjudicated property
A. For property adjudicated to a political subdivision, after the expiration of the applicable redemptive period, any person may redeem tax sale title to property in the name of the tax debtor until any of the following shall occur:
(1) The later of sixty days or six months, as applicable, after the notice required by R.S. 47:2206, or the filing of the sale or donation transferring the property from the political subdivision pursuant to R.S. 47:2201 et seq.
(2) The granting of the order of possession pursuant to R.S. 47:2232.
(3) Sixty days or six months, as applicable, after the notice required by R.S. 47:2236.
B. For property adjudicated to the state for nonpayment of taxes for years 1880 through 1973, any person may redeem said property in the name of the tax debtor, subject to any encumbrances placed thereon by the state, until such time as the state sells or transfers the property.

Richie, Richie & Oberle, L.L.P.          1.7900

128.

Mineral rights, whether leased or unleased, "pass to the vendee by the conveyance of the land or lot" and thus, pursuant to LSA-R.S. 47:1702(2), form a part of the "immovable property" adjudicated to the governmental agency for collection of its taxes. Therefore, the right of redemption must include the right to receive back from the government all that was taken, including the mineral rights, in the same form and ownership, without impairment, as existed when the government taking occurred.

129.

As the defendant governmental agencies subjected the adjudicated property to mineral leases which, under the ruling of Sapphire, are valid and unassailable, at the moment those leases were executed the plaintiffs' right of redemption to the adjudicated property was irrevocably "taken" by the governmental defendants as the said governmental defendants were then no longer able to deliver in redemption the unimpaired mineral rights to said adjudicated property. Moreover, as the right of redemption was taken, the property itself was effectively taken thereby permanently depriving the plaintiffs of their property.

130.

The taking of the redemptive rights and resultant taking of the property itself was done without due process of law and without just compensation; Specifically, the governmental defendants failed to give the constitutionally required (per Mennonite) "notice by mail or other means as certain to ensure actual notice" as the "minimum constitutional precondition to a proceeding which will adversely affect the liberty or property interests of any party..."

131.

The right of the governmental defendants to enter in to valid mineral leases of adjudicated property is one issue while the constitutional obligation of notice and due process to taxpayers is a separate and distinct issue, governed by the Constitutions of the United States and the State of Louisiana. Therefore, while Sapphire may have validated the leases, it did not and could not resolve the obligation under Mennonite to give taxpayer's reasonable and fair pre-

notice that their right of redemption was about to be taken by the government through execution of said mineral leases.

132.

The City and the Parish were therefore required to provide prior written notification of their intention to enter these Mineral Leases in a manner reasonably calculated under all circumstances to apprise the Plaintiffs of the pendency of the intended taking action in order to afford Plaintiffs an opportunity to present objections or to otherwise respond.

133.

The City and the Parish have received substantial sums in the form of signing bonus, delay rental, royalties and other payments which are directly attributable to the Adjudicated Properties which were included in each of the Mineral Leases; which sums were paid for their wrongful granting of the right to explore for and develop those Adjudicated Properties for the production of such minerals and the right to reduce the minerals to possession and ownership.

134.

Plaintiffs are each entitled to recover from the City and the Parish their respective portion of the bonus, delay rental, royalties, and other payments which the City and the Parish received which are attributable to the Plaintiffs' ownership of the Adjudicated Properties which generated those payments and for reasonable damages related to the permanent loss of their property through the improper taking of the right of redemption and the resultant improper taking of the adjudicated property.

135.

Further, Plaintiffs are entitled to a full accounting from the City and the Parish setting forth the total payments attributable to each Plaintiffs' Adjudicated Properties that was received by the City or the Parish during the existence of the Mineral Leases.

W H E R E F O R E, plaintiffs pray that the original defendants, CITY OF SHREVEPORT and CADDO PARISH, LOUISIANA, AND THE PARTNER TAXING AUTHORITIES, be served with a copy of this First Supplemental and Amending Petition, and

Richie, Richie & Oberle, L.L.P.                                                                                       1.7900

be cited to appear and to answer the same and that, after due proceedings had, there be judgment herein in favor of the defendants, *in solido*, for all damages and compensation as set forth in the original Petition and as set forth herein, together with reasonable attorneys' fees as provided under La. R.S. 13:511 and all costs of these proceedings and judicial interest from this date on until date paid.

Respectfully submitted.

RICHIE, RICHIE & OBERLE, L.L.P.

BY: _____
BYRON A. RICHIE (BRN 11254)
P.O. Box 44065
1800 Creswell Avenue
Shreveport, Louisiana 71101
Telephone (318) 222-8305

MICHAEL H. WAINWRIGHT, (BRN 13155)
97 Country Club Circle
Brevard, North Carolina 28712
Ph. (318) 470-9393

RICHARD E. HILLER     (BRN 6920)
401 Edwards Street, Suite 1300
Shreveport, LA 71101
Ph. (318) 221-8671

ATTORNEYS FOR THE RED SOX INVESTMENTS, L.L.C., ET AL. ON BEHALF OF ITSELF AND A CLASS OF SIMILARLY SITUATED LOUISIANA RESIDENTS

Please Serve All Defendants Through their Counsel of Record