## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## SHREVEPORT DIVISION

---

**RED SOX INVESTMENTS, L.L.C.**                   **CIVIL ACTION NO.: 16-587**

**VERSUS**                                        **JUDGE ELIZABETH ERNY FOOTE**

**CITY OF SHREVEPORT, ET AL.**                    **MAGISTRATE JUDGE HAYES**

---

### MEMORANDUM ORDER

Now before the Court is Caddo Parish's Motion To Dismiss Pursuant to Federal
Rules of Civil Procedure 12(b)(6) and 12(b)(1) [Record Document 12]. This suit was
brought by Plaintiff, Red Sox Investments, L.L.C. ("Red Sox"), on behalf of itself and a
class of similarly situated property owners, against Defendants, City of Shreveport ("the
City") and Caddo Parish ("the Parish").[1] Record Document 1-4, p. 2. Plaintiff alleges
that Defendants have committed an illegal taking involving the granting of mineral
leases on property adjudicated to the Parish. Plaintiff further asserts that Defendants
were required to give notice prior to this alleged taking in accordance with Mennonite
Board of Missions v. Adams, 462 U.S. 791, 103 S. Ct. 2706 (1983). Plaintiff seeks
recovery of revenues paid to the City and the Parish as a result of the mineral leases,
damages associated with the alleged loss of property, an accounting from the City and
the Parish detailing the revenues received attributable to the adjudicated properties, as

---

[1] Before removal of this suit to federal court, Plaintiff filed a Motion for Class Action Certification
[Record Document 1-4, p. 121] that does not appear to have been addressed by the state court. Plaintiff
has not moved for class certification by this Court.

well as costs and attorneys' fees. Record Document 1-3, pp. 5-6.

The Parish seeks to have the present suit dismissed, with prejudice, due to a lack of subject matter jurisdiction under Rule 12(b)(1), and for failure to state a claim upon which relief may be granted under Rule 12(b)(6).  Record Document 12.  Plaintiff opposes the Motion to Dismiss.  Record Document 18.

For the reasons stated below, Defendant's Motion To Dismiss is **GRANTED** for a lack of subject matter jurisdiction.

## I.    Factual and Procedural Background

Plaintiff filed this suit in state court on May 1, 2014.  In its original petition, Plaintiff claimed that it was the owner of three properties located in Caddo Parish, Louisiana (collectively, the "Red Sox Properties").  Property 1 was purchased at a Caddo Parish tax sale by John Johnston in 1987.  Property 1 was seized for the unpaid taxes of John Johnston for the year of 1990, and was subsequently adjudicated to the Parish in 1991.  By deed recorded in 2002, John Johnston and his wife, Mary Johnston, conveyed Property 1 to John W. Johnston, L.L.C. By quitclaim deed recorded in 2003, John W. Johnston, L.L.C. conveyed Property 1 to Red Sox.  Record Document 1-4, pp. 28-29.

John and Mary Johnston purchased properties 2A and 2B at a Caddo Parish tax sale in 1987.  These properties had previously been assessed in the name of Audubon Meadow Partnership.  Properties 2A and 2B were seized by the City and the Parish, and adjudicated to the City and the Parish, in 1991 due to the unpaid taxes of John and Mary Johnston.  By deed recorded in 2002, John and Mary Johnston conveyed

properties 2A and 2B to John W. Johnston, L.L.C.  By quitclaim deed recorded in 2003,

John W. Johnston, L.L.C. transferred and conveyed properties 2A and 2B to Red Sox.

By quitclaim deed recorded in August of 2010, Audubon Meadow Partnership conveyed

properties 2A and 2B to Sapphire Land Company, L.L.C.  By quitclaim deed recorded in

October of 2010, Sapphire Land Company, L.L.C. conveyed properties 2A and 2B to Red

Sox.  Document 1-4, pp. 30-32.

Thus, Plaintiff acquired its interest in all three properties by quitclaim deed.

Record Document 1-4, pp. 28, 31.  All three properties had previously been adjudicated

to the City and/or the Parish for unpaid taxes prior to Plaintiff acquiring its interest in

the properties.  Id. at 29, 31-32.  In addition, it does not appear that Red Sox ever paid

property taxes on any of the Red Sox Properties.[2]

In 2009 and 2010, the Parish granted mineral leases in favor of two different

entities.  One of the Red Sox Properties was included in the 2009 mineral lease, while

the other two Red Sox Properties were included in the 2010 mineral lease.  Id. at 29,

32.  Plaintiff alleges that the Parish has received bonus and royalty payments as a result

of these mineral leases.

In connection with these facts, Plaintiff filed this suit in state court seeking an

accounting from the City and the Parish detailing information related to the leases and

payments received, permanent and preliminary injunctions prohibiting the City and the

---

[2] See Record Document 18, p. 14, wherein Plaintiff states that to redeem the adjudicated properties, it would be required to pay the property taxes on the Red Sox Properties from 1990 through 2016.

Parish from disposing of adjudicated properties included within the mineral leases, and damages associated with the granting of the mineral leases.  Specifically, Plaintiff sought relief arising out of Defendants' failure to comply with Louisiana Revised Statute 47:2233.  Plaintiff argued that, pursuant to La. R.S. § 47:2233, it was entitled to have the mineral lease revenues applied to the taxes and charges due on the adjudicated properties, and that if the obligations owed were satisfied by the mineral revenues, the City and the Parish were required to issue certificates of redemption and surrender possession of the property to the former delinquent taxpayer.  Id. at 14-15. Plaintiff argued that if the City and the Parish had followed La. R.S. § 47:2233, its tax obligations would have been satisfied and it would have been issued redemption deeds for the Red Sox Properties.  Id. at 30, 33.  Thus, Plaintiff also sought for the court to compel the application of the mineral revenues to the obligations owed, redemption of the property if the revenues exceeded the obligations, and recovery of revenues collected in excess of that which was necessary to redeem the property, plus other damages. Id. at 25.

The Parish filed peremptory exceptions of no cause of action and no right of action and a dilatory exception of improper cumulation.  Record Document 1-4, p. 92. In its peremptory exception of no cause of action, the Parish argued that Red Sox's claims relied entirely on La. R.S. § 47:2233, and that this statute is not applicable to mineral leases, but only applies to traditional surface leases.  It further argued that the remedies sought by Red Sox do not exist under the statutes at issue.

The City also filed peremptory exceptions of no cause and no right of action. Record Document 1-4, p. 65.  It argued that Plaintiff did not allege an ownership interest in any property included in any mineral lease entered into by the City, and thus, Plaintiff has no cause or right of action against the City.

The state court granted the Defendants' peremptory exceptions of no cause of action and gave Plaintiff thirty days to amend its petition to state a cause of action. Record Document 1-6, p. 105.  Plaintiff filed a supplemental and amending petition on March 29, 2016, and the City removed the suit based on federal question jurisdiction. See Record Document 1, pp. 1-2.

Plaintiff's amended petition alleges that the City, the Parish, and other taxing authorities committed multiple illegal takings. These takings occurred through the improper allocation of mineral revenues and the improper leasing of adjudicated property.  Record Document 1-3, pp. 1-2.  Plaintiff alleges that the improper leasing of the property, through the granting of the mineral leases by the Parish, deprived the "adjudicating owners" of their opportunity to lease.  Plaintiff also alleges that an illegal taking occurred through the collection of mineral royalties and the sale of property after the date on which it might have been redeemed "had the mineral leases been available to the property owners or had the mineral revenues been properly applied pursuant to statute."[3]  Id.  In addition, Plaintiff argues that its redemptive rights have been taken

---

[3] While this statement could be construed to re-urge Plaintiff's original argument concerning Louisiana Revised Statutes 47:2231-2234, the Court notes that this issue was decided by the state court when it granted Defendants' peremptory exceptions of no cause of action. Record Document 1-6, p. 105. Plaintiff does not dispute this ruling in its opposition to this motion to dismiss.  Plaintiff responds to the Parish's allegations that it is re-urging these arguments by stating that the Parish is "mischaracterizing"

because, by virtue of the mineral leases, Defendants are "no longer able to deliver in redemption the unimpaired mineral rights to said adjudicated property." Id. at 4. Finally, Plaintiff argues that these takings occurred without due process, just compensation, or any prior notice, which it claims was required by Mennonite Board of Missions v. Adams, 462 U.S. 791, 103 S. Ct. 2706 (1983).  Id.  Plaintiff seeks recovery of revenues derived from the mineral leases, damages associated with these alleged takings, an accounting, all recovery requested in the original petition, plus costs and attorneys' fees. Id. at 5-6.

## II.    Law and Analysis

The Parish moves for dismissal for lack of subject matter jurisdiction, arguing that this dispute is not ripe for adjudication considering that Plaintiff has not yet attempted to redeem the Red Sox Properties.  Ripeness is a justiciability doctrine based on the Article III limits of judicial power.  Choice Inc. of Tex. v. Greenstein, 691 F.3d 710, 715 (5th Cir. 2012).  The "basic rationale" of the doctrine "is to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements. . . ." Id. (quotations and citation omitted).  To determine whether a case is ripe, a court should consider "the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration.  A case is generally ripe if any remaining questions are purely legal ones; conversely, a case is not ripe if further factual development is required." Id. (quotations and citations omitted).

_____

the amended petition. Plaintiff insists that "[t]he Amended Petition squarely relies upon a constitutional due process violation that was established in *Mennonite*." Record Document 18, p. 8.

As to the fitness of the issues, it is clear that necessary action has yet to occur. Plaintiff alleges that the City and the Parish have committed illegal takings involving the Red Sox Properties; however, Plaintiff has not shown that its rights in the properties have actually been affected.  If Plaintiff acquired rights through the quitclaim deeds associated with the Red Sox Properties, those rights would only entail the right to redeem the properties from the City or the Parish through payment of the tax obligation, as those were the rights held by the transferors of those properties.  See La. Civ. Code art. 2502 (2016), cmt. c. ("[T]he distinguishing factor of a quitclaim deed is that it is an instrument that purports to convey nothing more than the interest or estate of the grantor, if any he has, at the time of the conveyance, rather than the property itself."); La. R.S. § 47:2153 (providing for notice to delinquent tax debtor of proposed tax sale and that debtor may redeem the property).  Plaintiff admits that it can redeem the Red Sox Properties.  It notes that it does not have the funds to do so, but nonetheless represents that "these properties can always be redeemed at any time." Record Document 18, pp. 14-15.  Plaintiff alleges that it will not be able to redeem the properties with the mineral rights intact, but this has yet to occur.  Without certainty as to if or when the properties will be redeemed and the condition of the properties after their redemption, the issue central to this case is entirely speculative.  "A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." Texas v. United States, 523 U.S. 296, 300, 118 S. Ct. 1257, 1259 (1998) (quotations and citations omitted). Thus, unless and until

Plaintiff redeems the Red Sox Properties, this issue is not ripe for adjudication.

With regard to potential hardship suffered by the parties as a result of withholding court consideration, the Court finds that Red Sox will not suffer any significant hardship.  Red Sox is not currently adversely affected by the mineral leases, and could not be affected by the leases until it attempts to redeem the properties, at which point its claims may become ripe.

As to Plaintiff's notice claim, Plaintiff asserts that it was entitled to notice from the City and the Parish of their intent to grant mineral leases on the Red Sox Properties. Plaintiff cites Mennonite Board of Missions v. Adams for this proposition.  In Mennonite, the Supreme Court found that due process notice requirements were not met whenever a property was sold at a tax sale without notice to the mortgagee.  The Court held, "Notice by mail or other means as certain to ensure actual notice is a minimum constitutional precondition to a proceeding which will adversely affect the liberty or property interests of any party . . . if its name and address are reasonably ascertainable." Mennonite, 462 U.S. at 800.  As with the taking claims, the Court finds that Plaintiff has not shown that its property interests have actually been affected, a precondition to the requirement of notice outlined in Mennonite.  As previously stated, if Plaintiff has an interest in the Red Sox Properties, the interest is that of a redeeming delinquent tax debtor.  Plaintiff admits that it can redeem the Red Sox Properties at any time by paying the redemption amount.  Record Document 18, p. 14.  Thus, without showing that its rights in the properties have been affected, the issue of whether notice

was required is similarly unripe at this time.[4]

## III. Conclusion

For the foregoing reasons, the Court finds that Plaintiff's claims are properly

dismissed for lack of subject matter jurisdiction under 12(b)(1). Accordingly,

Defendant's Motion to Dismiss [Record Document 12] is hereby **GRANTED**, and

Plaintiff's claims shall be **DISMISSED WITHOUT PREJUDICE.**

**THUS DONE AND SIGNED** on this _____ day of September, 2016.

JUDGE ELIZABETH E. FOOTE
UNITED STATES DISTRICT COURT

---

[4] The Court notes that Plaintiff does not assert any due process violations concerning the underlying tax sales or adjudications. At this time, the Court does not express an opinion as to whether Mennonite is applicable to this case.